STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-17-068

FORTY EAST PLAZA, INC., and )
ZI QIAN ZHANG )
 )
Plaintiffs, )
 )
v. )
 )
BODYWORKS MANAGEMENT )
COMPANY, PATRICK M. WELCH, )
and LINDA MONMANEY )
 )
Defendants. )

ORDER

AUG 16 '17 PM2:54
ANDRO SUPERIOR COURT

Before the court is Plaintiffs' motion for attachment and attachment on trustee process. A hearing on this motion was held on August 15, 2017.

I. Background

On May 19, 2017, Forty East Plaza, Inc. and Zi Qian Zhang filed a complaint against Bodyworks, Patrick Welch, and Linda Monmaney, related to a contract. On the same day, Plaintiffs filed a motion for attachment and attachment on trustee process. M.R. Civ. P. 4A, 4B. On July 12, 2017, Defendants answered the complaint, and filed their opposition to the motion. On July 14, 2017 Plaintiffs filed a reply in support.

II. Discussion

To issue an order of approval for attachment, the court must find that it is more likely than not that the plaintiff will recover judgment in an amount equal to or greater than the aggregate sum of the attachment. M.R. Civ. P. 4A(c), 4B(c). A moving party must show a greater than 50% chance of prevailing on both liability and damage issues, where the required showing is to be made through affidavits. *Official Post Confirmation Comm. of Creditors Holding Unsecured Claims v. Markheim*, 2005 ME 81, ¶ 18, 877 A.2d 155; *Official Post-Confirmation Committee v. Markheim*, No. CV-04-040, 2005 Me. Super. LEXIS

78, at *9, (Oct. 7, 2005) (the court cannot consider evidence not in the affidavits or in documents authenticated by and incorporated by reference in them); M.R. Civ. P. 4A advisory committee's notes to 1992 amend., 1992, Me. Judicial Branch website/Rules & Administrative Orders/Rules (last visited August 16, 2017). Specificity is required in the showing for the amount of the attachment. M.R. Civ. P. 4A advisory committee's notes to 1992 amend., 1992, Me. Judicial Branch website/Rules & Administrative Orders/Rules (last visited August 16, 2017).

Defendants do not dispute that Plaintiffs will obtain a judgment against Defendants, but argue that Plaintiffs have not properly supported the amount. (Def.'s Opp'n 2-3.) Prior to the filing of this lawsuit, the parties attempted "settlement negotiations," after which Defendants provided an undated check to Plaintiffs for $115,000. (Welch Aff. ¶¶ 8, 9.) Defendants argue that, in deciding whether to order an attachment, the court can only consider evidence otherwise admissible in support of a claim. (Def.'s Opp'n 1-2.) Defendants argue that to support the amount of recovery Plaintiffs are relying primarily, if not solely, upon that undated check which Defendants claim is inadmissible because it was part of a compromise negotiation. (Def.'s Opp. 2); (Compl. Ex. 2); M.R. Evid. 408; (Welch Aff. ¶ 8.) However, the Maine Rules of Civil Procedure for attachment do not require that facts in support would be admissible in evidence. *Precision Commc'ns, Inc. v. Rodrigue*, 451 A.2d 300, 302 n.3 (Me. 1982) ("The requirement of Rule 4A(h) must be distinguished from the M.R.Civ.P. 56(e) requirement that, to support a summary judgment, affidavits set forth facts that would be admissible in evidence"); *Jay v. Emery Lee & Sons*, No. CV-04-89, 2004 Me. Super. LEXIS 162, at *6 (July 14, 2004) ("a motion for attachment and trustee process is not a trial. Further, standards of evidence are inapplicable here, as is shown in the rule's allowance for

information or even beliefs that an affiant thinks are true.") Therefore, the check is not prohibited pursuant to the Maine Rules of Evidence as support for Plaintiffs' motion.

Plaintiffs argue that the check establishes the unpaid rent obligation of Defendants as of December 2014. (Pl's' Mot. 3.) Defendants allege that the issuance of the check was "merely a proforma act" that was never intended as payment for any agreed upon rental arrearage. (Welch Aff. ¶ 9.)

It is reasonable to infer that, whether or not Defendants expected Plaintiffs to attempt to cash the undated check, the Defendants' provision of the check represented their acknowledgement of amounts owed to Plaintiffs. *Official Post Confirmation Comm. of Creditors Holding Unsecured Claims*, 2005 ME 81, ¶ 17, 877 A.2d 155. Furthermore, the amount of attachment and attachment on trustee process requested by Plaintiff exactly matches the amount promised by Defendants to Plaintiffs in the check. *Cf. Id.* (where the amount of attachment potentially supported by the evidence was significantly less than the amount in the attachment order); (Welch Aff. ¶ 8); (Pl's' Mot. 3.) Therefore, Plaintiffs have sufficiently supported the sum of the attachment.

III. Conclusion

The Court GRANTS Plaintiffs' motion for attachment and attachment on trustee process.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date: _8/16/17_

MaryGay Kennedy
Justice, Superior Court